■ ROBERT J. RICHTER, Respondent, v RAYMOND SCHOENBERG, Appellant, et al., Defendants.—In an action pursuant to article 15 of the Real Property Actions and Proceedings Law, defendant Schoenberg (purchaser of the parcels at a tax lien sale) appeals from an order and judgment (one paper) of the Supreme Court, Westchester County, dated March 25, 1975 and entered in Putnam County, which, *inter alia,* granted plaintiff's motion for summary judgment and declared him to be the sole and lawful owner of the real property in question, two parcels. Order and judgment reversed, without costs, and motion denied. In our opinion a question of fact was raised which precludes the granting of summary judgment. The question is whether plaintiff's name appeared on the tax rolls as owner of the parcels prior to publication of the notices of the tax sales; if it did, it should have appeared in the notices (Real Property Tax Law, § 1002). It is not disputed that plaintiff's name was not included in the notices. The record shows that plaintiff purchased the two parcels on September 26, 1969. The deed and mortgage (in the amount of $23,400) were recorded in the office of the Clerk of the County of Putnam on October 30, 1969. Plaintiff received no notice for the taxes which were due January 31, 1970. On October 28, 1970, notices of sales for unpaid 1970 taxes were first published and said notices listed one of plaintiff's grantors, Henry Heiman, as owner of the properties.

Appellant purchased both parcels at the tax sale on December 10, 1970 and eventually received separate deeds dated December 28, 1973. The deeds, executed by the Deputy County Treasurer, recited *considerations* of $249.68 and $32.22, respectively, and purported to convey the "right, title and interest of Henry Heiman" in the premises. Plaintiff claims the first notice he received of any title adverse to his was on February 15, 1974 when the town assessors informed him by letter of the sale to appellant and of plaintiff's right to redeem (which had already expired). Plaintiff further claims he paid all tax bills which he ever received and is willing to pay the delinquent tax. The factual question arises because plaintiff, in support of his position, submitted a copy of a certain page of the 1970 Assessment Roll, certified as correct by the Putnam Valley Town Clerk, which lists him as the owner of the two parcels. In addition, plaintiff has also offered a copy of a page of the alphabetical listing of uncollected State, county and town taxes for 1970 which lists Heiman as the owner of the larger parcel but then includes the handwritten name "RICHTER" right next to it. For his part, appellant has offered a copy of a different page of the 1970 Assessment Roll —this page certified as correct by the Deputy County Treasurer—which lists Henry Heiman as the owner of the two parcels. These apparent inconsistencies concerning so vital a point, viz., the name of the owner, must be resolved before this action can be properly concluded. Rabin, Acting P. J., Hopkins, Christ, Munder and Shapiro, JJ., concur.